STATE *vs.* DENNIS REGAN, appellant.

Penobscot.     Decided June 1, 1877.

*Process.*

Where a respondent in a criminal process, appears generally and pleads not guilty to the complaint, he thereby waives all objections to matters of form in the warrant.

ON REPORT.

COMPLAINT of John Pratt, of, &c., to the police court of Bangor, September 2, 1875, that he believes on that day, at, &c., intoxicating liquors were deposited and kept by Dennis Regan, &c., closing with a prayer that if the liquors are found they be seized and Régan apprehended. The warrant follows generally the form of the complaint and that prescribed in R. S., c. 27, but interjects words not found in the complaint or in the form prescribed, but found in the act of 1872, c. 63, § 5, commanding the officer to apprehend "if he shall have reason to believe," &c. The warrant, with the interjected words in italics, is as follows:

"You are therefore required, in the name of the state, to enter the premises before named and therein search for said liquors, and if there found, to seize and safely keep the same, with the vessels in which they are contained, until final action and decision be had on the same; or, *if you shall have reason to believe he has such liquors concealed about his person,* also to apprehend the said Regan forthwith, if he may be found in your precinct, and bring him before said court, to be holden at the police court room, in said Bangor, to answer to said complaint, and to do and receive such sentence as may be awarded against him."

The officer's return shows that he found and seized the liquors and arrested the person.

The defendant in the police court pleaded not guilty, was adjudged guilty and appealed to the S. J. C., where a motion was made to quash the proceedings for informality of the mandatory clause of the warrant, because the order is to arrest on the belief of the officer alone and because it did not direct the apprehension for the offense alleged in the complaint.

By agreement of parties, the case was reported to the law court to determine whether the complaint, warrant, return and proceedings thereon are sufficient in law to sustain the complaint; if sufficient, the judgment to be for the state finally, otherwise the proceedings to be quashed.

*W. S. Clark,* for the defendant, contended that the warrant was informal and insufficient because it was repugnant to the complaint; it did not even follow the act of 1872; it was' not in the alternative; the arrest was for a cause not stated in the warrant; and the act of 1872, c. 63, § 5, was unconstitutional.

*L. A. Emery,* attorney general, for the state.

The mandatory part of the warrant is not very clearly expressed, but upon reading by the light of the statutes its meaning can be readily learned.

The statute authorizing arrest on such process first authorized it only in case the liquors were found as alleged. If found, the liquors were to be seized, and the respondent apprehended. R. S., c. 27, § 35.

The statute form of warrant, chap. 27, is, "if there found to seize and safely keep the same, &c., and to apprehend the said respondent."

The statute of 1872 enacts a new cause of arrest—the belief of the officer that the respondent conceals liquor about his person. No form of warrant is given. The proper way then is to interject the new clause in the old form. This is what was done in this case. Strike out the words "or if you shall have reason to believe he has such liquors concealed about his person" from the warrant, and it is valid under the old law. Insert the words and it gives a double cause of arrest.

At the most the words inserted are surplusage ; for respondent was not arrested under them, but under the old dispensation.

In the Burke case counsel complained because the words were not in. Here he complains because they are in. There is no satisfying him.

Read by the light of the statutes, the warrant clearly means that the officer is to arrest in either contingency. Adding the words of the new statute does not destroy the meaning of the words of the old.

It is not the complainant's belief, but the officer's belief.

Respondent was not arrested on the clause of the belief, and cannot complain of the surplusage.

VIRGIN, J. All the objections raised by the respondent are based upon alleged defects in the warrant by virtue of which he was arrested and taken before the police court. That court had jurisdiction of the offense set out in the complaint, to which no objection is made. If the process, by virtue of which he was brought before that court, did not authorize the officer to arrest him, the respondent should have raised the objection then and there. Having appeared generally and pleaded not guilty to the complaint, as the record shows, he thereby waived all objections to matters of form in the warrant. *Com.* v. *Henry,* 7 Cush. 512. *Com.* v. *Gregory,* 7 Gray, 498. By the terms of the report, therefore, there must be

*Judgment for the state.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.